## In re KOREAN AIR LINES DISASTER OF SEPTEMBER 1, 1983.

MDL No. 565.
Misc. No. 83–0345.
Civ. A. Nos. 83–2792 to 83–2794, 84–1707 to 84–1710.

United States District Court, District of Columbia.

June 26, 1984.

See also, D.C., 597 F.Supp. 613.

Juanita M. Madole, Liaison Counsel, Speiser, Krause & Madole, Washington, D.C., for plaintiff.

George N. Tompkins, Jr., Condon & Forsyth, New York City, for defendant Korean Air Lines.

Mark A. Dombroff, Torts Branch, Civil Branch, Dept. of Justice, Washington, D.C., for defendant U.S.

John J. Martin, Bigham, Englar, Jones & Houston, New York City, for defendant Litton Industries, Inc.

Thomas J. McLaughlin, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendant The Boeing Co.

Embassy of U.S.S.R., Washington, D.C., for defendant Soviet Socialist Republic.

### MEMORANDUM ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Upon consideration of the Motion to Dismiss by Jeppesen Sanderson, Inc., pursuant to Fed.R.Civ.P. 12(b)(6), the Plaintiffs' Opposition, the Defendant's Reply thereto and the entire record herein, the Court notes the following:

(1) Jeppesen Sanderson, Inc. (Jeppesen) is the maker of maps, charts and navigational aids used by commercial airlines. The company provided the enroute charts used by Korean Air Lines Flight 007 (KAL

007) on its way from John F. Kennedy International Airport in New York to Kimpo Airport in Seoul, South Korea. For reasons as yet undetermined, KAL 007 strayed off its assigned international route of Flight, R 20, which it was required to follow after departure from Anchorage, Alaska, and was shot down by Soviet military aircraft over the Sea of Japan.

(2) Jeppesen has been named as a defendant in seven actions arising from this air tragedy, known as the Korean Air Lines Disaster of September 1, 1983. In their complaints, the seven Plaintiffs allege negligence, breach of implied and express warranties and strict liability against this defendant. It is the Plaintiffs' contention that the Jeppesen charts did not contain a warning explicitly noting the possible consequences of straying over Soviet territory and that the absence of an explicit warning was negligence, resulting in an "unreasonably dangerous" product being released into the stream of commerce. Plaintiffs further contend that the area where KAL 007 was shot down should have been designated as a "Danger" or "Warning" area on the portion of the Jeppesen chart listing "Airspace Restricted Areas."

(3) Plaintiffs have based their argument that Jeppesen had a duty to print an additional and more explicit warning on the fact that an explicit warning is printed on maps issued by the Defense Mapping Agency for use by Department of Defense (DOD) aircraft. The DOD warning reads: "Aircraft infringing upon non-freeflying territory may be fired upon without warning." The warning printed on the Jeppesen navigational charts reads: "NAVIGATIONAL WARNING—Pilots flying Northern Route between U.S. & Japan avoid approaching or overflying territory under Soviet control, specifically the Kuril Islands." The argument is not that no warning to avoid Soviet airspace was given but that the Jeppesen wording was somehow inadequate.

(4) Jeppesen moves for dismissal of the allegations against it on the grounds that the air disaster was the result of a "superseding cause" attributable only to a vio-lation of international law committed by the Soviet Union, that the company violated no duty to warn and that, therefore, no proximate cause can attach to Jeppesen. Plaintiffs oppose the motion, arguing that Jeppesen should have foreseen that the failure to label its navigational charts with a warning which explicitly noted the possibility of Soviet military attack could contribute to that very result.

(5) The Court declines to find that the Defendant had a duty to warn civilian aircraft of the danger of being fired upon because the Defense Department warns its aircraft of that danger. The rules which apply to civilian and military aircraft are different. For example, the Rules of the Air, promulgated by the Convention on International Civil Aviation of 1944 (ICAO) and contained in annexes thereto, are expressly made applicable only to civilian, and not military, aircraft. Article 3 of the ICAO provides: "(a) This Convention shall be applicable only to civil aircraft, and shall not be applicable to state aircraft, (b) Aircraft used in military, customs and police services shall be deemed to be state aircraft." There is no reason to require that Jeppesen phrase its warning to civilian aircraft in the same words used to warn military aircraft.

(6) Since there must be a causal connection between the Defendant's alleged omission and the harm to Plaintiffs' decedents, the Plaintiffs must be able to show a connection between the wording of the warning and the intrusion into Soviet airspace. However, Plaintiffs here cannot claim that the Jeppesen chart caused the flight crew to do or fail to do anything which lead KAL 007 off its assigned course. Plaintiffs do not allege that the enroute chart was misleading or inaccurate in setting the flightpath for KAL 007. They do not allege that the chart incorrectly depicted the land masses or bodies of water over which KAL 007 flew. *See, e.g., Times Mirror Co. v. Sisk,* 122 Ariz. 174, 593 P.2d 924 (1978) (Jeppesen chart failed to account for presence of a mountain into which airplane crashed). Therefore, even accepting the allegations of inadequate warning as true, which the Court must do

in assessing the propriety of dismissal, the Plaintiffs have failed to state a cognizable claim against Jeppesen.

(7) *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957) long ago established the standard for evaluating Rule 12(b)(6) motions:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.

Mindful of this standard, the Court finds that Plaintiffs cannot, under any set of circumstances, demonstrate a causal link between what happened to KAL 007 and the claims that the Jeppesen warning was inadequately worded. There being no "but for" cause attributable to Jeppesen, the issue of "superseding cause" need not be reached.

Therefore, for the foregoing reasons, it is by the Court this 26th day of June, 1984,

ORDERED, that Defendant's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED, that all claims against Jeppesen Sanderson, Inc. be and hereby are DISMISSED with prejudice, each party to bear its own costs.